UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:07-CR-13 |
| | ) | |
| JERRI MARLENE RADER | ) | |

## **ORDER**

This supervised release revocation matter came before the Court on November 17, 2008, for a hearing in regard to whether or not the defendant had violated the conditions of her supervised release. At the hearing, the defendant contested that she had violated standard condition number three, which required her to follow the instructions of her probation officer. The defendant also contested that she had violated a special condition of her release, which required her to reside at Midway Rehabilitation Center (Midway) for nine months and abide by the rules of the facility. After hearing the testimony of witnesses, this Court found that the defendant violated both conditions of her release. The defendant failed to report immediately to her probation officer when instructed to do so and was discharged from Midway as a result of her violation of the rules of the facility. On August 26, 2008, while at Midway, the defendant was found in a male resident's quarters having bodily contact with him. The defendant was administratively discharged from Midway on August 27, 2008. After she was discharged,

her probation officer told her to report on August 27, 2008. The defendant had no contact with her probation officer until August 29, 2008.

The Court has carefully considered the policy statements of Chapter 7 of the <u>United States Sentencing Commission Guidelines</u> which reflect a revocation range of five (5) to eleven (11) months imprisonment. Because the policy statements of Chapter 7 of the U.S.S.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. l995).

Based upon the defendant's grade C violations, which were proved by a preponderance of the evidence, and the defendant's prior history violation of terms of release, the Court finds a sentence within the suggested range is appropriate. Therefore, the Court finds that the defendant has violated the terms of her supervised release. Accordingly, it is hereby **ORDERED** that her supervised release is **REVOKED**, and she is sentenced to a term of imprisonment of nine (9) months. It is further **ORDERED** that upon release from imprisonment, the defendant shall be placed on supervised release for a term of 27 months, and within 72 hours of release, the defendant shall report in person to a probation office in the district to which she is released. In addition, it is **ORDERED** that while on supervised release the defendant:

>  1) shall not commit another Federal, state, or local crime;
>
>  2) shall comply with the standard conditions that have been adopted by this Court in Local Rule 83.10;
>
>  3) shall not illegally possess a controlled substance; and
>
>  4) shall not possess a firearm as defined in 18 U.S.C. § 921.

In addition, it is further **ORDERED** that the defendant shall comply with the following special conditions of supervised release:

1) She shall reside at a halfway house to be identified by the probation officer for a period of six (6) months and shall abide by all rules of the facility.

2) As previously ordered, she shall pay, jointly and severally with Richard Walters, restitution to KVAT Food Stores in the amount of $1,726.42, Ingles Grocery Store in the amount of $1,080.72, White's Fresh Foods in the amount of $1,277.48, and One Stop Market in the amount of $491.22. The government may enforce the full amount of restitution ordered at any time pursuant to Title 18, U.S.C., §§ 3612, 3613, and 3664(m).

3) Any portion of the joint and several restitution that is not paid in full at the time of defendant's release from imprisonment shall become a condition of supervision. Any balance toward the restitution which remains unpaid at the time of commencement of supervised release shall be paid in monthly installments, at the rate of at least 10 percent of defendant's monthly gross income. Interest is waived on the restitution.

4) As previously ordered, defendant shall pay the special assessment of $100.

5) Defendant shall provide the probation officer with access to any requested financial information.

6) Defendant shall not incur new credit charges or open additional lines of credit without permission of the probation officer until the $4,575.84 has been paid in full.

7) Defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as defendant is released from the program by the probation officer.

8) Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as defendant is released from the program by the probation officer. Defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

3

Case 2:07-cr-00013-JRG   Document 180   Filed 11/18/08   Page 3 of 4   PageID #: 271

9) Defendant shall obtain her general education developmental degree.

10) Defendant shall refrain from the use of alcohol.

11) Defendant shall complete the balance of the 150 hours of community service previously ordered and shall complete an additional 150 hours of community service work.

12) Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

13) Defendant shall cooperate with the collection of DNA as directed.

The Court also **RECOMMENDS** as follows:

    1) That the defendant be given credit for time served since October 8, 2008; and

    2) That she be designated to the federal facility at Alderson, West Virginia, for the service of her sentence.

The defendant is remanded to the custody of the United States Marshal.

It is so **ORDERED**.

    ENTER:

                                 s/J. RONNIE GREER
                              UNITED STATES DISTRICT JUDGE